UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 24-CV-10950-IT

| | |
|---|---|
| TRAILBLAZHERS RUN CO., <br> ABEO POWDER, <br> ELIZABETH ROCK, <br> and FRANCES RAMIREZ, <br> Plaintiffs, <br><br> v. <br><br> BOSTON ATHLETIC ASSOCIATION, <br> CITY OF NEWTON, <br> and JOHN F. CARMICHAEL JR. Chief <br> of Police for the Newton Police <br> Department, in his official capacity, <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### DEFENDANTS CITY OF NEWTON AND CHIEF JOHN F. CARMICHAEL JR.'S OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE

Plaintiffs have asked the Court to take judicial notice of a statement by Chief John F. Carmichael on the Newton Police Department's X account, the social media platform formerly known as Twitter. Judicial notice of facts outside of the complaint may be taken in two scenarios: (1) when the fact "is generally known within the trial court's territorial jurisdiction;" or (2) when the fact "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The First Circuit has stringently applied Rule 201(b) because "accepting disputed evidence not tested in the crucible of trial is a

sharp departure from standard practice." <u>Rivera v. Marriott International, Inc.</u> 456 F. Supp. 3d 330, 337 citing <u>Lussier v. Runyon</u>, 50 F.3d 1103, 1114 (1st Cir. 1995).  Furthermore, the Court may take judicial notice of some government records for the fact that they exist or contain certain information but not for the truth of the facts asserted within them.  <u>Pietrantoni v. Corcept Therapeutics Inc.</u>, 640 F. Supp. 3d 197, 205 (D. Mass. 2022).  Similarly, the Court may also take judicial notice of the content of a website but not take judicial notice of the material for the purpose of establishing the truth of its contents.  <u>Starbrands Cap., LLC v. Original MW Inc.</u>, No. CV 14-12270-ADB, 2015 WL 13691435, at *4 (D. Mass. Aug. 14, 2015), <u>report and recommendation adopted,</u> No. 14-CV-12270-ADB, 2015 WL 5305215 (D. Mass. Sept. 11, 2015.

      Plaintiffs argue that since this post was made on the NPD's official account, the Court should take judicial notice of it.  This argument assumes that the authenticity, accuracy, and even authorship of the post is such that it cannot be questioned as early as the pleadings stage of this litigation. Yet, even assuming the authenticity of the NPD twitter account, this argument fails, because the mere fact that a record was created by a government official is not in and of itself sufficient to give rise to sufficient certainty of the record's contents, such that a court should take judicial notice. It is well established that not all government records can be taken as true by the court to the point where their accuracy cannot be reasonably questioned.  For example, courts may take judicial notice of records like birth certificates, but not records like police reports. <u>O'Hara</u> v. <u>Diageo-Guinness, USA, Inc.</u>, 306 F. Supp. 3d 441, 457 (D. Mass. 2018); <u>Freeman v. Town of Hudson</u>, 714 F. 3d 29, 36-37 (2013).  The contents of this X post are not such that they are "generally known" within this Court's jurisdiction, and judicial notice of this post per the Plaintiffs' motion would be tantamount to an acceptance of disputed evidence at the outset of this litigation.

In this case, the only fact about this X post that cannot be reasonably questioned is the fact that it exists.  Napear v. Bonneville Int'l Corp., 669 F. Supp. 3d 948, 958 (E.D. Cal. 2023). In the Napear case cited by the Plaintiffs, the Court wrote that "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth."  Napear  899 F.3d at 958, citing Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018). "For this reason, courts should not take judicial notice of a fact contained within a document if that fact 'is subject to varying interpretations, and there is reasonable dispute as to what [the document] establishes.'" Id. citing Reina-Rodriguez v. United States, 655 F.3d 1182, 1193 (9th Cir. 2011). Under the very authority cited in Plaintiffs' own brief, the Court can, at most, only take judicial notice of the fact that this post exists and cannot accept it as evidence of the truth of the facts asserted within it. See also Pietrantoni at 205;  O'Hara  at 457.  Here, however, the Plaintiffs are asking the Court to take notice of more than just the existence of the post, they are asking the Court to notice its contents for a particular reason. Their request for judicial notice is imbued with argument that the contents should be specifically construed by the Court in a particular manner, and to support a particular narrative. Specifically, Plaintiffs ask the court to take judicial notice that "NPD's conduct stemmed from decisions by Defendant Carmichael, and that he endorses the decisions he make." This is essentially asking the Court to take judicial notice of the facts asserted within the post for a particular reason.  The Court should not permit the Plaintiffs to make interpretations or draw conclusions from the post while it is disputed evidence, not incorporated in Plaintiffs complaint. Plaintiffs emphasize that the post states "I stand by my decisions that day," but the post also states that Chief Carmichael "unequivocally contest[s]" the substance of the Complaint. Furthermore, the post does not explain what "decisions" Chief Carmichael is referring to, and its

mere existence does not imply that Chief Carmichael is taking responsibility for any particular decision. This document, like the document in Napear, "is subject to varying interpretations, and there is reasonable dispute as to what [the document] establishes."

The Municipal Defendants respectfully request that the Court deny the Plaintiffs' request for the Court to take judicial notice of the contents of the post.

>Respectfully submitted,
>CITY OF NEWTON,
>JOHN F. CARMICHAEL JR.
>By their attorneys,
>
>/s/ Krisna M. Basu
>
>Krisna M. Basu (BBO# 561026)
>Assistant City Solicitor
>Kristen Annunziato (BBO# 706923)
>Assistant City Solicitor
>City of Newton Law Dept.
>1000 Commonwealth Avenue
>Newton Centre, MA  02459
>Tel: (617) 796-1240
>kbasu@newtonma.gov
>kannunziato@newtonma.gov

DATED: August 13, 2024

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 13, 2024.

>/s/ Krisna M. Basu
>Krisna M. Basu (BBO # 561026)