UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRAILBLAZHERS RUN CO., ABEO POWDER, ELIZABETH ROCK, and FRANCES RAMIREZ,<br><br>    Plaintiffs,<br><br>v.<br><br>BOSTON ATHLETIC ASSOCIATION, CITY OF NEWTON, and JOHN F. CARMICHAEL JR., Chief of Police of the Newton Police Department, in his official capacity,<br><br>    Defendants. | Civil Action No. 24-10950-IT |

**PLAINTIFFS' RESPONSE TO CITY OF NEWTON AND JOHN F. CARMICHAEL JR.'S OBJECTION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE**

Plaintiffs TrailblazHers Run Co., Abeo Powder, Elizabeth Rock, and Frances Ramirez (together, "Plaintiffs"), by and through undersigned counsel, respectfully submit this Response to the City of Newton and John F. Carmichael Jr.'s (together, "Newton") Objection to Plaintiffs' Request for Judicial Notice. *See* ECF No. 31, 31-1. Plaintiffs' request for this Court to take judicial notice of Defendant Carmichael's statement via the Newton Police Department's ("NPD") X account, is both proper and relevant. *See* ECF No. 31-1 (Newton MA Police Dept, @newtonpolice (April 12, 2024)). Furthermore, Newton fails to present any valid basis for denying judicial notice.

**ARGUMENT**

Under Fed. R. Evid. 201, the Court may take judicial notice of facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). *See O'Hara v. Diageo-Guinness, USA, Inc.*, 306 F. Supp. 3d 441, 450 (D. Mass. 2018). This rule extends to "documents the

1

authenticity of which [is] not disputed by the parties." *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993). Courts have consistently ruled that government publications are "proper subjects of judicial notice" as they "are matters of public record." *Fortuna v. Town of Winslow*, 607 F. Supp. 3d 29, 36 (D. Me. 2022). *See Pietrantoni v. Corcept Therapeutics, Inc.*, 640 F. Supp. 3d 197, 205 (D. Mass. 2022) (collecting cases).

Here, Newton does not dispute that Plaintiffs have asked the Court to take judicial notice of a government record—Defendant Carmichael's statement on the official NPD's X account. *See* ECF No. 37 at 2. Newton concedes that Defendant Carmichael's statement cannot be reasonably questioned, acknowledging the "fact that it exists." *Id.* at 3. Judicial notice is therefore appropriate. *See Gent v. CUNA Mut. Ins. Soc'y*, 611 F.3d 79, 84 n.5 (1st Cir. 2010) (taking judicial notice of information concerning the transmission of Lyme Disease from the CDC website); *McGhee v. City of Flagstaff*, No. 20-CV-08081, 2020 WL 2309881, at *4 (D. Ariz. May 8, 2020) (taking judicial notice of public statements relating to COVID-19 made by President Trump and Arizona Governor as they are not subject to reasonable dispute).

Moreover, because this matter is being heard on a Motion To Dismiss, once the Court has taken judicial notice of the statement, Plaintiffs are entitled to all reasonable inferences that can be drawn from it. *See Papasan v. Allain*, 478 U.S. 265, 283 (1986) ("We are bound for the purposes of this review to take the well-pleaded factual allegations in the complaint as true. Construing these facts and the relevant facts obtained from the public record in the light most favorable to the [plaintiffs], we must ascertain whether they state a claim on which relief may be granted.") (citations omitted).[1] It is more than reasonable to infer that a statement on NPD's official social

---

[1] *See also Cruz v. Melecio*, 204 F.3d 14, 21-22 (1st Cir. 2000) (on a motion to dismiss, court considers "not only the complaint, but also matters fairly incorporated within it and matters susceptible to judicial notice. From this amalgam, we extract the well-pleaded facts and draw all reasonable inferences favorable to the complainant.") (citations omitted); *Haley v. City of Bos.*, 657 F.3d 39, 44 (1st Cir. 2011) (on a motion to dismiss, courts "glean the

media account, which begins with the phrase "As the Chief of the Newton Police Department," and that states "I stand by my decisions that day" reflects that the police conduct stemmed from decisions by Defendant Carmichael and that he endorses the decisions he made.

Indeed, regardless of whether Defendant Carmichael's statement is factually "true," its very existence has legal relevance. *See Pietrantoni*, 640 F. Supp. at 205 (granting judicial notice of government records "for the fact that they exist, the information they comprise, and their legal effect"); *Barnstable Cnty. v. 3M Co.*, No. 17-CV-40002, 2017 WL 6452245, at *5 (D. Mass. Dec. 18, 2017) (judicially noticing scientific report not for accuracy of content but as evidence of notice). Whether or not Defendant Carmichael actually "stand[s] by [his] decisions" on the day in question, he publicly proclaimed that he does—which in and of itself is an act that "may fairly be said to represent official policy…." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 659 (1978).

Accordingly, Plaintiffs respectfully request that the Court grant Plaintiffs' Request for Judicial Notice of Exhibit A and consider the document in connection with Plaintiffs' Consolidated Opposition to Defendants' Motions To Dismiss.

Dated:  August 16, 2024                                  Respectfully submitted,

                                                  Mirian Albert, BBO #710093
                                                  Sophia Hall, BBO #684541
                                                  Oren Sellstrom, BBO # 569045
                                                  Iván Espinoza-Madrigal, BBO # 708080
                                                  LAWYERS FOR CIVIL RIGHTS
                                                  61 Batterymarch Street, Fifth Floor
                                                  Boston, MA 02110
                                                  malbert@lawyersforcivilrights.org
                                                  shall@lawyersforcivilrights.org

---

facts primarily from the complaint [and] embellish that account with facts contained in documents incorporated within the complaint and facts susceptible to judicial notice.").

osellstrom@lawyersforcivilrights.org
iespinoza@lawyersforcivilrights.org
*Attorneys for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document, filed through the Court's ECF System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on August 16, 2024.

*/s/ Mirian Albert*