UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 24-CV-10950-IT

|  |  |
|---|---|
| TRAILBLAZHERS RUN CO., <br> ABEO POWDER, <br> ELIZABETH ROCK, <br> and FRANCES RAMIREZ, <br> Plaintiffs, <br><br> v. <br><br> BOSTON ATHLETIC ASSOCIATION, <br> CITY OF NEWTON, <br> and JOHN F. CARMICHAEL JR. Chief <br> of Police for the Newton Police <br> Department, in his official capacity, <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS CITY OF NEWTON AND CHIEF JOHN F. CARMICHAEL JR.'S
REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiffs have failed to set forth sufficient factual allegations in their Complaint to support the elements of a claim for municipal liability pursuant to §1983. Plaintiffs argue in their Opposition to the Motion to Dismiss that Chief Carmichael is a final policy maker and that a social media post indicates that he was the "moving force" behind the Plaintiffs' constitutional violations. Plaintiffs conclude that these allegations state a plausible case for municipal liability. Neither of these allegations are stated in the Complaint. Furthermore, even if this social media

1

post had been referenced in the Complaint, there would not be sufficient facts pled to defeat Municipal Defendants' Motion to Dismiss.

A municipality may be liable for a decision to adopt a particular course of action by a final municipal policymaker. *Pembaur v City of Cincinnati*, 475 U.S. 469, 470 (1986). In order to plead a claim under this theory, the complaint must identify the basis for the policymaking authority of the individual with the final authority over the relevant area at issue. *Perna v. Martinez*, No. 17-11643-IT, 2018 WL 4519361 at *5 (D. Mass. July 5, 2018 ) citing *Walden v. City of Providence, R.I.* 596 F.3d 38, 55-56 (2010). The Complaint does not allege that Chief Carmichael has "final policy making authority" and does not allege any support for that proposition under state law. This is a required element under a final policy maker theory of municipal liability. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988). The only allegations in the Complaint concerning Chief Carmichael state that his is an employee of the City of Newton and he serves as Chief of Police. (Complaint ¶15). A complaint that does not reference any state or local laws establishing the policy making authority of the individual is insufficient to support a §1983 action against a municipality. *Freeman v. Town of Hudson,* 714 F. 3d 29, 38 (1st Cir. 2013).

The Complaint also does not contain any factual allegations about any specific acts or decisions by Chief Carmichael concerning the Plaintiffs. Plaintiffs do not plead that Chief Carmichael made the decision to station police officers along the route where Plaintiffs had gathered. In Plaintiffs' Opposition, they reference a social media post by Chief Carmichael that states, "I stand by my decisions that day, and more importantly, I stand by our officers who acted appropriately, respectfully and as expected." First, this post was not mentioned in the Complaint. Second, the Court should not take judicial notice of this post. (*See* Defendants City of Newton

and Chief John F. Carmichael Jr.'s Opposition to Plaintiffs Request for Judicial Notice ECF No. 37).  Third, even if this post had been included in the Plaintiffs' Complaint, the post and the Complaint say nothing about a "particular course of action" regarding the Plaintiffs or about a policy decision by Chief Carmichael.  *Pembaur* at 470.  The post merely states that the Chief stands by his decisions "that day," which is a general statement that does not identify which decisions, specifically, the Chief was responsible for that day, nor does it equate to an acceptance of liability for the events described in Plaintiffs' complaint.   Such a general statement by Chief Carmichael is insufficient to plead a case for municipal liability.  Notably, the post also states that Chief Carmichael "unequivocally contest[s] the [Complaint's] substance as presented." Thus, even when considering this social media post made by Chief Carmichael, the Complaint would not allege sufficient facts to support the theory of liability under §1983 articulated in Plaintiffs' opposition brief.  Moreover, even an allegation that Chief Carmichael ordered officers to line the course near the Plaintiffs would not imply the existence of an official policy in violation of Plaintiffs' constitutional rights.  The Plaintiffs have failed to plead any facts that allege that Chief Carmichael made a decision or enacted a policy that violated the Plaintiffs' rights.  The Complaint and social media post do not for example, include any allegation that Chief Carmichael decided to institute the allegedly large police presence at the Marathon near the Plaintiffs, while allegedly deciding against stationing police near any other large groups that were impeding the course.  That is the type of fact scenario that is required to state a cause of action for municipal liability.  Thus, the Complaint, even with the inclusion of the social media post, does not allege facts that state a claim that Chief Carmichael adopted a policy that violated the Plaintiffs' rights to equal protection.

The Plaintiffs further argue in their Opposition that the Complaint has pled facts that there was a "concerted effort" by Newton police constituting municipal liability in a manner similar to the *Bordanaro* case. *Bordanaro v. McLeod*, 871 F.2d 1151, 1157 (1st Cir. 1989). The allegations in this Complaint are very different from *Bordanaro*. In *Bordanaro*, the facts involved six officers breaking down a door without a warrant. There was evidence in the record that this unconstitutional policy was a well-settled practice in that community. *Bordanaro* at 1158. Plaintiffs contend that since approximately 20 officers gathered on bikes where the Plaintiffs were gathered, there was a concerted action by the Newton Police Department. The number of officers on the scene is the only similarity between these two fact patterns. Unlike in *Bordanaro*, Plaintiffs' complaint does not plead that the actions of the Newton officers were part of a well-settled unconstitutional practice. In fact, the facts alleged in the Complaint are the opposite – the Complaint alleges that Plaintiffs have gathered in the same location in Newton to watch the marathon for several years without any other instances of police action. According to the Complaint, 2023 is the only year that the Newton Police received calls that a large group of spectators were impeding the course and responded accordingly by forming a line along the boundary of the course to prevent the group from entering the street. As such, the facts alleged in the Complaint do not plead a concerted effort establishing a policy that violated the Constitution. They plead a single incident which is in effect a claim of respondeat superior, which fails under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). The Plaintiffs have failed to plead that the alleged unconstitutional actions of the Newton police were "so well settled and widespread that the policymaking officials of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to end the practice." *Bordanaro v. McLeod*, 871 F.2d 1151, 1156 (1st Cir. 1989).

For the foregoing reasons, the City of Newton and John F. Carmichael Jr. respectfully request that this Honorable Court dismiss the Plaintiffs' Complaint for failure to state a claim under Rule 12(b)(6).

        Respectfully submitted,
        CITY OF NEWTON,
        JOHN F. CARMICHAEL JR.
        By their attorneys,

        */s/ Krisna M. Basu*

        Krisna M. Basu (BBO# 561026)
        Assistant City Solicitor
        Kristen Annunziato (BBO# 706923)
        Assistant City Solicitor
        City of Newton Law Dept.
        1000 Commonwealth Avenue
        Newton Centre, MA  02459
        Tel: (617) 796-1240
        kbasu@newtonma.gov
        kannunziato@newtonma.gov

DATED: August 20, 2024

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 20, 2024.

        */s/ Krisna M. Basu*
        Krisna M. Basu (BBO # 561026)