UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TRAILBLAZHERS RUN CO., <br> ABEO POWDER, <br> ELIZABETH ROCK, <br> and FRANCES RAMIREZ, <br> Plaintiffs, <br> <br> v. <br> <br> BOSTON ATHLETIC ASSOCIATION, <br> CITY OF NEWTON, <br> and JOHN F. CARMICHAEL JR. Chief <br> of Police for the Newton Police <br> Department, in his official capacity, <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION NO. 24-CV-10950-IT |

## **DEFENDANTS CITY OF NEWTON AND CHIEF JOHN F. CARMICHAEL JR.'S ANSWER**

Now come the Defendants, the City of Newton (the "City"), and Chief John F. Carmichael Jr., in his official capacity, ("Chief Carmichael") [1] ("Newton Defendants") and for

---

[1] It is the Newton Defendants' position that Chief Carmichael has been dismissed from the case. The Court's Memorandum and Order dated March 20, 2025 granted the Newton Defendants' Motion to Dismiss the Equal Protection and Civil Conspiracy claims against the City and Chief Carmichael. Count III of the Complaint, which is the Public Accommodations claim, alleges that Defendant BAA is the host and organizer of the annual Boston Marathon and that Defendant BAA violated M.G. L. c. 272 s. 98 by denying Plaintiffs' the same terms and conditions as other spectators. Count III does not allege that Chief Carmichael hosted or organized the Marathon or that he denied Plaintiffs the same terms and conditions as other spectators. In fact, Count III, like the Complaint as a whole, contains no allegations concerning Chief Carmichael other than that he was employed as the Chief of the Newton Police Department. Thus, since this remaining claim is not alleged against Chief Carmichael, he has been dismissed from the case. To the extent that Count III is alleged against Chief Carmichael, this answer is filed on his behalf as well.

1

their Answer to the Complaint state as follows:

1.      The Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 1.

2.      Denied.

3.      Newton Defendants deny that they discriminated against Plaintiffs or any spectators. Newton Defendants are without sufficient knowledge or information to admit or deny the remainder of the allegations in paragraph 3.

4.      Denied.

5.      Paragraph 5 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Newton Defendants deny the allegations.

6.      Paragraph 6 of the Complaint contains a statement regarding jurisdiction to which no response is required.

7.      Paragraph 7 of the Complaint contains a statement regarding venue to which no response is required.

8.      Paragraph 8 of the Plaintiffs' Complaint contains a statement regarding jurisdiction to which no response is required.

9.      Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 9.

10.     Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 10.

11.     Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 11.

12.     Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 12.

13.     Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 13.

14.     Newton Defendants admit that the City of Newton is a municipality duly organized and existing under the laws of the Commonwealth of Massachusetts.

15.     Newton Defendants admit that Chief John F. Carmichael was an employee of the City of Newton and served as the Police Chief for the Newton Police Department until September 27, 2024.  Newton Defendants admit that on April 17, 2023, Chief Carmichael was the Chief of Police for the City of Newton.

16.     Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 16.

17.     Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 17.

18.     Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 18.

19.     Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 19.

20.     Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 20.

21.     Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 21.

22.     Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 22.

23.     Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 23.

24.     Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 24.

25.     Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 25.

26.     Denied.

27.     Denied.

28.     Newton Defendants deny that they harassed or hassled Plaintiffs. Newton Defendants are without sufficient knowledge or information to admit or deny the remainder of the allegations in paragraph 28.

29.     Newton Defendants deny that they had any jurisdiction over areas of the Marathon outside of Newton. Newton Defendants further deny that they treated spectators differently based on their race.

30. Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 30.

31. Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 31.

32. Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 32.

33. Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 33.

34. Denied.

35. Newton Defendants deny that police officers treated spectators differently based on their race. Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 35.

36. Denied.

37. Newton Defendants deny that the NPD treated spectators differently based on their race. Newton Defendants are without sufficient knowledge or information to admit or deny the remainder of the allegations in paragraph 37.

38. Denied.

39. Newton Defendants admit that law enforcement officers were located at Mile 21 until approximately 4:00 p.m. Newton Defendants are without sufficient knowledge or information to admit or deny the remainder of the allegations in paragraph 39.

40. Newton Defendants deny that the NPD treated spectators differently based on their race. Newton Defendants are without sufficient knowledge or information to admit or deny the remainder of the allegations in paragraph 40.

41. Newton Defendants admit that representatives of the Plaintiffs' organization met with representatives from the NPD and the Mayor's Office. Newton Defendants deny that the actions of the NPD were unlawful or constituted misconduct. Newton Defendants are without sufficient knowledge or information to admit or deny the remainder of the allegations in paragraph 41.

42. Newton Defendants deny that there was any misconduct, harassment, discrimination or targeting of spectators based on their race at the 2023 Marathon. Newton Defendants are without sufficient knowledge or information to admit or deny the remainder of the allegations in paragraph 42.

43. Newton Defendants deny that they discriminated against the Plaintiffs. Newton Defendants are without sufficient knowledge or information to admit or deny the remainder of the allegations in paragraph 43.

First Cause of Action

Equal Protection 42 U.S.C. s 1983

This claim was dismissed against the City of Newton and John F. Carmichael Jr.

Second Cause of Action

Civil Rights Conspiracy 42 U.S.C. s. 1985

This claim was dismissed against the City of Newton and John F. Carmichael Jr.

Third Cause of Action

Violation of M.G.L c. 272 s. 98 public accommodation

55.  Newton Defendants repeat and restate all other responses contained herein.

56.  Paragraph 56 of the Complaint contains a legal conclusion to which no response is required.

57.  Newton Defendants admit that the Defendant BAA is the host and organizer of the annual Boston Marathon.

58.  Newton Defendants deny that the NPD unjustly subjected and targeted Plaintiffs because of their race.

59.  Paragraph 59 is unclear as it does not specify which Defendant it refers to. To the extent a response is required, Newton Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to exhaust administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

Newton Defendants state that at all times relevant, they acted reasonably, within the scope of their official discretion with an objectively reasonable belief that their actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all matters which bear on a question of state or federal law.

## FOURTH AFFIRMATIVE DEFENSE

Newton Defendants are not liable for any intentional conduct by an employee pursuant to G.L. c. 258 §10(c).

## FIFTH AFFIRMATIVE DEFENSE

A suit against a municipal employee in their official capacity is equivalent to a suit against the municipality.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs had the right to full and equal privileges and were subject only to the conditions and limitations established by law and applicable to all persons.

## SEVENTH AFFIRMATIVE DEFENSE

Newton Defendants at all times acted in good faith upon reasonable belief that their actions were in accordance with the constitution and laws of the United States and Commonwealth of Massachusetts.

## EIGHTH AFFIRMATIVE DEFENSE

Newton Defendants are immune from suit because their actions are protected by the doctrine of qualified immunity.

WHEREFORE, Newton Defendants hereby request that this honorable Court dismiss Plaintiffs' Complaint with prejudice; award it all its costs and attorneys' fees; and enter such other relief as this Court deems just and equitable.

## NEWTON DEFENDANTS' DEMAND FOR JURY TRIAL

Now come Newton Defendants, in the above-entitled matter, and demand trial by jury on all counts of the Complaint.

Respectfully submitted,
CITY OF NEWTON,
JOHN F. CARMICHAEL JR.
By their attorneys,

*/s/ Krisna M. Basu*

Krisna M. Basu (BBO# 561026)
Assistant City Solicitor
Kristen Annunziato (BBO# 706923)
Assistant City Solicitor
City of Newton Law Dept.
1000 Commonwealth Avenue
Newton Centre, MA  02459
Tel: (617) 796-1240
kbasu@newtonma.gov
kannunziato@newtonma.gov

DATED: April 3, 2025

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 3, 2025.

*/s/ Krisna M. Basu*
Krisna M. Basu (BBO # 561026)