UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRAILBLAZHERS RUN CO., et al., <br><br> Plaintiffs, <br><br> v. <br><br> BOSTON ATHLETIC ASSOCIATION, et al., <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * Civil Action No. 1:24-cv-10950-IT <br> * <br> * <br> * <br> * <br> * |

MEMORANDUM & ORDER

December 4, 2025

TALWANI, D.J.

      Plaintiffs TrailblazHers Run Co., Abeo Powder, Elizabeth Rock, and Frances Ramirez brought this action against the City of Newton and its former Chief of Police John F. Carmichael Jr. (collectively, the "Newton Defendants"), and the Boston Athletic Association ("BAA"), asserting three causes of action for alleged racial discrimination against certain spectators at the 2023 Boston Marathon: an Equal Protection claim under 42 U.S.C. § 1983; a civil rights conspiracy claim under 42 U.S.C. § 1985(3); and a state statutory claim under the Massachusetts Public Accommodations Law, M.G.L. c. 272, § 98. The court granted the Newton Defendants' motion to dismiss in part as to the Equal Protection claim for failure to state a Monell claim where Plaintiffs had not sufficiently identified a municipal decisionmaker. See Mem. & Order 1, 6–8 [Doc. No. 44]. Now pending before the court is Plaintiffs' Motion for Leave to File a First Amended Complaint [Doc. No. 50], which is opposed on futility grounds by the Newton Defendants only. For the reasons explained below, Plaintiffs' motion is GRANTED.

I.  **Standard of Review**

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading shall be freely granted "when justice so requires." Nevertheless, a motion for leave to amend may be denied in cases of (1) undue delay, (2) bad faith or dilatory motive, (3) undue prejudice, or (4) futility of amendment. See Foman v. Davis, 371 U.S. 178, 182 (1962).

When leave to amend is sought before discovery is complete, and neither party has moved for summary judgment, futility is gauged by the same standard as legal sufficiency under Rule 12(b)(6). See Hatch v. Dep't for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir. 2001). "In assessing futility, the district court must apply the standard which applies to motions to dismiss under Fed.R.Civ.P. 12(b)(6)." Adorno v. Crowley Towing And Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006).

Under that standard, the court assumes "the truth of all well-pleaded facts" and draws "all reasonable inferences in the plaintiff's favor." Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006). To survive dismissal, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 555 (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

II. **Facts as Alleged in the Proposed Amended Complaint**

The Proposed Amended Complaint [Doc. No. 50-1] introduces the following new

allegations.

Plaintiffs allege that during the planning for the Boston Marathon, the BAA coordinates with "numerous law enforcement agencies, including the police department[] of . . . Newton[.]" Proposed Am. Compl. ¶ 20 [Doc. No. 50-1]. Planning for the Boston Marathon involves months of coordination between the BAA and local police departments, and on the day of the Marathon, "several entities are stationed at the Massachusetts Emergency Management Agency, including the Race Operations Center . . . which is maintained by the BAA and a unified command center staffed by local law enforcement. Issues along the Marathon route are relayed via this centralized system so that responses by specific local police departments can be directed in a coordinated manner." Id. ¶¶ 21–22.

On the day of the 2023 Boston Marathon, Newton's Police Chief was John F. Carmichael, Jr., who served in that capacity until approximately September 2024. Id. ¶ 48. Plaintiffs allege that "the Chief of Police is a final authority on official law enforcement policy" pursuant to the City of Newton's Revised Ordinances, which state that the "police department [] shall be under the charge of the chief of police . . . . The patrolmen shall make the rounds in and about such streets . . . as the chief of police shall direct to . . . see that order is kept and that all disturbances and disorders are prevented and suppressed, and to perform such other duties as the chief of police shall direct." Id. ¶ 49 (quoting Newton, Mass., Rev. Ordinance §§ 24-1, 24-9 (2012)).

The day after Plaintiffs filed this suit, then-Chief of Police Carmichael posted the following statement on the Newton Police Department's official X account:

> As Chief of the Newton Police Department, I have become aware of a federal lawsuit filed against me and our department less than 72 hours before this year[']s

> Marathon. Upon reviewing the complaint, I unequivocally contest the document's substance as presented. I stand by my decisions that day, and more importantly, I stand by our officers who acted appropriately, respectfully, and as expected. This year we will again be focused on ensuring everyone stays safe on Marathon Monday and I look forward to a great event for all.

Id. ¶ 51 (emphasis removed). According to Plaintiffs, by making this statement, "Chief Carmichael both took responsibility for his direct role in the events described in this lawsuit and ratified the conduct of NPD officers who participated in the events." Id. ¶¶ 50–51.

The Proposed Amended Complaint [Doc. No. 50-1] also substitutes the current Chief of Police, George McMains, for the former Chief of Police, John F. Carmichael Jr.  Id. ¶ 15.

### III.  Discussion

Newton Defendants oppose the Motion for Leave to File a First Amended Complaint [Doc. No. 50] on two grounds. First, they argue the proposed amendments fail to establish a claim under 42 U.S.C. § 1983 because the Newton Defendants are a municipality and cannot be subject to liability under Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 690 (1978), where (1) the ordinances do not establish the Chief of Police as having final policymaking authority; and (2) the allegations about the X post fail to establish that former Chief Carmichael directed the police action at issue. Defs.' Opp. to Mot. to Amend ("Opp.") 5–8 [Doc. No. 55]. Second, they argue that McMains is improperly joined as a defendant in the absence of any allegations against him and that it is duplicative to sue him in his official capacity with the City of Newton already named as a defendant. Id. at 9.

#### A.  Monell Liability

Municipalities can be held liable for alleged unconstitutional customs, practices, or policies carried out by a city official. Monell, 436 U.S. at 690. To demonstrate municipal liability

4

from an isolated event under 42 U.S.C. § 1983, the alleged unconstitutional act must be made by someone who "possesses final authority to establish municipal policy with respect to the action ordered." Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986). "A municipality cannot be held liable [under § 1983] solely because it employs a tortfeasor[,]" and a plaintiff must instead show the violation occurred as a result of the municipality's "policy or custom." Monell, 436 U.S. at 690–91 (emphasis in original). A single decision by a municipal policymaker constitutes official policy "only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." Pembaur, 475 U.S. at 481. To determine whether a decisionmaker exercises final authority, "[c]ourts must look to state law, including valid local ordinances and regulations, for descriptions of the duties and obligations of putative policymakers in the relevant area at issue." Freeman v. Town of Hudson, 714 F.3d 29, 38 (1st Cir. 2013) (internal quotation marks and citation omitted).

### 1. Newton Revised Ordinances

The Proposed Amended Complaint cites two provisions of the City of Newton's Revised Ordinances ("Rev. Ordinances") to establish that "the Chief of Police is a final authority on official law enforcement policy." Proposed Am. Compl. ¶ 49 [Doc. No. 50-1]. The first provision "establishe[s] a police department which shall be under the charge of the chief of police[.]" Id. See also Rev. Ordinances § 24-1 (2012). The second provision states: "The patrolmen, during such hours as the rules and regulations of the police department prescribe, shall make the rounds . . . of the city as the chief of police shall direct to . . . see that order is kept and that all

disturbances and disorders are prevented and suppressed, and to perform such other duties as the chief of police shall direct." Rev. Ordinances § 24-9.[1]

The Newton Defendants argue that § 24-1 merely "establishes that the department is run by a complex organizational structure" and vests patrolmen with "discretionary authority" to make their rounds. Opp. 5–6 [Doc. No. 55]. But this does nothing to undermine the fact that the ordinance puts them all "under the charge of the chief of police[.]" Rev. Ordinances § 24-1.

The Newton Defendants also argue that § 24-9 does not grant the Chief of Police "direct supervisory authority over all conduct of patrolmen," but instead "a general authority over the areas that they patrol." Opp. 6 [Doc. No. 55]. But this ignores the end of the same sentence, which provides that patrolmen are to "perform such other duties as the chief of police shall direct." Rev. Ordinances § 24-9. This phrasing suggests that the supervisory authority is not only over where they perform their duties but also what those duties are.

Based on these ordinances, the Proposed Amended Complaint plausibly alleges the Newton Chief of Police is the final authority on official law enforcement policy.

 2. **X Post**

The Newton Defendants next argue that the Proposed Amended Complaint fails to plausibly allege Chief Carmichael's involvement in the particular action here, despite the post he allegedly made on the Newton Police Department's official X account the day after this lawsuit was filed. See Opp. 7–8 [Doc. No. 55].

---

[1] The Proposed Amended Complaint also cites City of Newton v. Commonwealth Emp. Rels. Bd., 104 Mass. App. Ct. 203, 216 (2024), which in turn cites a provision of the Massachusetts General Laws, but Plaintiffs have not suggested the City of Newton has adopted that provision. See M.G.L. c. 41, § 97A (applying to "any town which accepts this section . . .").

The court finds that Plaintiffs plausibly state a claim for Monell liability. In the X post, Chief Carmichael refers to "my decisions that day" in direct response to the allegations in the Complaint and adds that the Newton police officers "acted . . . as expected." Proposed Am. Compl. ¶ 51 [Doc. No. 50-1]. That he "unequivocally contest[s] the [document's] substance as presented" does not render implausible the allegation that Carmichael had a "direct role" in the conduct alleged, id., and Plaintiffs are entitled to this reasonable inference. See Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 6 (1st Cir. 2007).[2]

Accordingly, the court finds it would not be futile to amend the Complaint to plead a Monell theory of liability against the Newton Defendants.

### B.   Substitution of Chief McMains

Finally, the Newton Defendants argue that amending the Complaint to substitute McMains in his official capacity as Chief of Police for Carmichael would be futile because there are no allegations against McMains in his individual capacity, and naming McMains as a defendant is duplicative of naming the City of Newton where "[a] suit against a public official in his official capacity is a suit against the government entity." Opp. 9 [Doc. No. 55] (quoting Rosaura Bldg. Corp. v. Municipality of Mayaguez, 778 F.3d 55, 62 (1st Cir. 2015)). But the court in Rosaura addressed the question of reversing a dismissal of claims against a government entity, where "the Mayor [of that government entity] would still be a defendant in his official

---

[2] Nor do other allegations as to the BAA's involvement suggest a contradictory inference "that the BAA was the final decision maker with respect to the challenged conduct." Opp. 6 [Doc. No. 55] (citing Proposed Am. Compl. ¶¶ 36, 37, 40, 46 [Doc. No. 50-1]). The court previously rejected the contention that these allegations suggest the Newton Police Department was "acting on BAA's orders." See Mem. & Order 12 [Doc. No. 44].

7

capacity, and joining the municipal government would result in a duplicative claim." Rosaura, 778 F.3d at 61. That is not the issue here. The Newton Defendants also cite Wood v. Hancock Cnty. Sheriff's Dep't, 354 F.3d 57 (1st Cir. 2003), which concerned jury instructions in a trial where the complaint and verdict form "indicate that the individuals were sued only in their official capacities" and so "their liability under 42 U.S.C. § 1983 is indistinguishable from the county's." Id. at 58 n.1. Nothing in the holding or posture of either case suggests that because an official's liability is indistinguishable from the government's, the official must be dismissed.

Moreover, as the Newton Defendants note, see Opp. 9 [Doc. No. 55], Plaintiffs seek injunctive relief. The Ex Parte Young exception to the Eleventh Amendment allows this court to "enjoin state officials," such as McMains in his official capacity, "to conform future conduct to the requirements of federal law." Rosie D. ex rel. John D. v. Swift, 310 F.3d 230, 234 (1st Cir. 2002) (internal quotation and citation omitted); see Ex Parte Young, 203 U.S. 123, 159-60 (1908).

Finally, the Federal Rules of Civil Procedure allow for automatic substitution of public officers named as parties by their successors. See Fed. R. Civ. P. 25(d).

Accordingly, the court finds it would not be futile to amend the Complaint to substitute Carmichael for McMains in his official capacity.

**IV.  Conclusion**

For the foregoing reasons, Plaintiffs' Motion for Leave to File a First Amended Complaint [Doc. No. 50] is GRANTED.

IT IS SO ORDERED.

December 4, 2025                           /s/ Indira Talwani
                                           United States District Judge